Stephen M. NARDI, Petitioner–
Appellant,

v.

Terry STEWART, Director,
Respondent–Appellee.

No. 02–16646.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Filed Jan. 20, 2004.

Paula K. Harms, Assistant Federal Public Defender, Phoenix, AZ, for the petitioner-appellant.

Cari McConeghy–Harris, Assistant Attorney General (argued) and Katia Mehu, Assistant Attorney General (brief), Phoenix, AZ, for the respondent-appellee.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

## OPINION

PREGERSON, Circuit Judge.

Petitioner Stephen Nardi (Nardi) appeals from the district court's dismissal of his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on statute of limitations grounds. Nardi obtained a Certificate of Appealability (COA) limited to whether he had demonstrated an impediment to timely filing his petition or grounds for equitably tolling the statute of limitations. We expand the COA to include review of the district court's decision *sua sponte* to dismiss Nardi's petition as time-barred after Respondent failed to assert a statute of limitations defense in its answer. Because Respondent waived the statute of limitations, we reverse the district court and remand for consideration of the petition on the merits.

### I.

On July 2, 1991, a jury found Nardi guilty of first degree murder and attempted first degree murder. The court sentenced Nardi to life without release until completion of twenty-five years for murder and to seven years for attempted murder (to be served consecutively). The Arizona Court of Appeals affirmed Nardi's convictions and sentences.

On April 14, 1999, Nardi filed a petition for post-conviction relief. The trial court denied the petition on December 2, 1999. The Arizona Court of Appeals denied Nardi's petition for review in May 2000, and the Arizona Supreme Court denied his request for review on March 8, 2001.

On June 26, 2001, Nardi filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Nardi alleged four grounds for relief based upon constitutional violations that occurred during his trial and sentencing:

(1) "Eighth Amendment, Double Jeopardy/Double Punishment" (challenging sentence);

(2) "Fourteenth Amendment, Miscarriage of Justice, Denial of Due Process, Fundamental Fairness, Equal Protection under the law" (challenging various jury instructions, prosecution's closing argument, and preclusion of self defense theory);

---

* The Honorable C. Arlen Beam, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

(3) "Fifth Sixth, and Fourteenth Amendments, Violation of due process, fundamental fairness, and equal protection under the law ... Ineffective assistance of [trial] counsel"; and

(4) "Fifth, Sixth, and Fourteenth Amendments, Violation of due process, fundamental fairness, and equal protection under the law ... Inneffectiveness [sic] of Appellate Counsel on Direct Appeal...."

The district court reviewed Nardi's petition and determined that an answer was required. The district court specifically addressed the statute of limitations in its order, inviting Respondent to brief the issue:

Respondent [shall] answer the Petition.... If the petition was filed after the expiration of the 1–year period of limitation as defined in 28 U.S.C. § 2244(d), the answer may be limited solely to that issue....

Although the petition was filed well after the expiration of the statute of limitations, Respondent's answer addressed only the merits of Nardi's claims (and conceded the exhaustion of state remedies). The answer did not challenge Nardi's petition on statute of limitations grounds.

Nevertheless, the magistrate judge assigned to the matter issued an order indicating that Nardi's petition was "untimely filed and the Court need not reach the merits of Petitioner's claims unless he can establish an equitable basis for tolling." The magistrate judge granted Nardi an opportunity to submit a brief addressing any basis for tolling the statute of limitations, and ordered the Respondent to respond to any such arguments.

Nardi timely filed a brief contending that Respondent waived the statute of limitations by failing to raise the defense in its answer. Nardi also argued that inadequate prison library resources impeded his ability to timely file his habeas petition.

Respondent did not respond to Nardi's brief. The magistrate judge then issued a Report and Recommendation (R & R) recommending that Nardi's petition be dismissed as untimely. The R & R concluded, among other things, "that the State is not deemed to have waived the limitations period unless expressly waived." Nardi filed objections to the R & R, again raising the waiver argument.

On June 21, 2002, the district court adopted the R & R and denied Nardi's petition. On July 2, 2002, still appearing *pro se*, Nardi filed a motion for a COA that specified six issues for review, including the merits of his petition and the court's rejection of his equitable tolling argument. At that time, Nardi did not specifically seek review of the district court's conclusion that the Respondent had not waived the statute of limitations.

On August 7, 2002, the district court granted a COA on two issues:

whether there was an impediment to the timely filing of Petitioner's Petition for Writ of Habeas Corpus, and whether there are grounds for the equitable tolling of the [Antiterrorism and Effective Death Penalty Act (AEDPA's)] one-year limitation period in which to file a Petition for Writ of Habeas Corpus.

On August 15, 2002,[1] and again on October 21, 2002, Nardi sought to broaden the issues to be reviewed under the COA, essentially asking this court to review the merits of his petition in addition to the procedural issues already certified for appeal. He still did not specifically seek review of the

---

1. Nardi filed his first motion to expand the COA in the district court on August 15, 2002. On August 22, 2002, the district court forwarded the motion to the clerk of the Ninth Circuit, who received it on August 26, 2002.

district court's determinations that Respondent did not waive the statute of limitations and that the petition was time-barred. A motions panel denied Nardi's first motion to broaden the COA. A different motions panel later referred Nardi's second motion to the merits panel, and appointed an attorney to assist Nardi with his appeal.

The opening brief filed by Nardi's appointed counsel addresses the issues specified in the COA, and also contends that the district court erred in dismissing Nardi's petition on statute of limitations grounds. Specifically, Nardi argues that Respondent waived the statute of limitations by failing to raise the defense in its answer, and that the district court thereafter lacked the authority to deny Nardi's petition as untimely. Respondent's brief addresses only the tolling issues certified for appeal, and does not address the issue of waiver. Nardi, with the assistance of counsel, filed a third motion for expansion of the COA with his reply brief. This is the first motion for expansion that specifically requests review of the waiver issue. Respondent filed no opposition to the motion.

## II.

As a preliminary matter, we consider Nardi's request to expand the COA to include the waiver issue: whether the district court erred in dismissing Nardi's petition as time-barred even though Respondent failed to assert a statute of limitations defense in its answer.

## A.

In a habeas proceeding, the petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22. Ninth Circuit Rule 22–1 further dictates:

> [a] certificate of appealability must first be considered by the district court.... The Court of Appeals will not act on a request for a certificate of appealability if the district court has not first ruled on the request.

9th Cir. R. 22–1(a).[2]

Ninth Circuit case law makes clear that the AEDPA limits the scope of review in a habeas appeal to the issues specified in the COA. *See Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999). However, the circuit rules permit an appellant to seek expansion of the issues certified for appeal:

> If the district court denies a certificate of appealability in part, the court of appeals will not consider uncertified issues unless petitioner first seeks, and the court of appeals grants, broader certification. Petitioners desiring broader certification must file, in the court of appeals, a separate motion for broader certification, along with a statement of reasons why a certificate should be granted as to any issue(s) within thirty-five days of the district court's entry of its order denying a certificate of appealability.

9th Cir. R. 22–1(d). Advisory Committee Note to Rule 22–1 provides that a motions panel may rule on a motion for broader certification. Further,

> [t]o the extent a party wishes to ask the merits panel to broaden the scope of the appeal beyond what was allowed by a motions panel of this court, such a motion and any response may be filed in the court of appeals promptly after the completion of briefing.

---

**2.** Circuit Rule 22–1 does not require *every issue* to be considered by the district court before being considered by the court of appeals; the rule merely requires that the petitioner generally seek permission to appeal from the district court before requesting a COA from the court of appeals.

9th Cir. R. 22–1 Advisory Committee Note. A merits panel may review issues that were not previously considered by the motions panel. *Hiivala,* 195 F.3d at 1104.

In *Hiivala,* the district court dismissed Hiivala's habeas petition and then denied his request for a COA. *Id.* at 1102. Hiivala then "renewed" his COA request before the Ninth Circuit. *Id.* A motions panel issued a COA limited to two issues. *Id.* Under Rule 22–1, Hiivala asked the merits panel "to broaden the issues certified for appeal to include additional issues argued in his brief." *Id.* at 1103. Hiivala had previously asked the motions panel to include in the COA some—but not all—the additional issues he raised before the merits panel.[3] The Court held that it had authority to consider all issues outside the scope of the COA:

> A merits panel may [ ] expand the issues for review to include issues that the motions panel specifically rejected.... Hiivala also asks us to broaden his appeal to include two additional claims that were not presented to the motions panel for certification. We have authority to consider Hiivala's request....

*Id.* at 1104.

■ *Hiivala* and Ninth Circuit Rule 22–1 allow us to expand the COA to include whether the district court erred in dismissing Nardi's petition as time-barred after Respondent failed to raise the statute of limitations in its answer. As required, Nardi filed a timely request for a COA in the district court. The district court granted his request, in part, on August 7, 2002. Nardi's initial request to broaden the issues certified for appeal—submitted on August 15, 2002 and received on August 26, 2002—was also timely. 9th Cir. R. 22–1(d) (requiring petitioner to file a motion for broader certification within thirty-five days of the district court's order partially denying COA). And Nardi filed his current motion to expand the issues certified for appeal at the completion of briefing, in accordance with Advisory Committee Note to Rule 22–1. Finally, under *Hiivala,* we may consider Nardi's request to review issues even if they were not previously presented to the district court or motions panel. As we have the authority, we now consider Nardi's request.

### B.

■ We evaluate a request for broadening a COA using the same standard applied by the district court when initially determining whether to grant a COA: the "petitioner's assertion of a claim must make a 'substantial showing of the denial of a constitutional right.'" *Hiivala,* 195 F.3d at 1104 (quoting 28 U.S.C. 2253(c)(2)). However, the standard is "somewhat more complicated" when "the district court[has] denie[d] a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim...." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Under those circumstances:

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Upon request, a merits panel may review any issue that meets *Slack's* two-prong standard, including claims not previously presented to a motions panel for certification. *Hiivala,* 195 F.3d at 1104.

---

**3.** Since the COA request filed in the district court was "renewed" before the Ninth Circuit motions panel, the district court likely did not consider the new issues raised before the Ninth Circuit merits panel.

Nardi meets the standard for broadening the COA to include whether Respondent's failure to raise the statute of limitations in its answer precluded the district court from dismissing the petition as untimely.

First, jurists of reason would find it debatable whether the district court was correct in its procedural ruling. The Ninth Circuit has not yet decided whether the district court may *sua sponte* dismiss a habeas petition on statute of limitations grounds after the state files an answer to the petition without raising such a defense. However, in a case presenting similar facts, the Sixth Circuit held that "the statute of limitations in § 2244(d) is an affirmative defense that must be pleaded to avoid waiver," and that respondent waived the statute of limitations defense by failing to plead it. *Scott v. Collins,* 286 F.3d 923, 928 (6th Cir.2002). The *Scott* court further held that the "district court's *sua sponte* dismissal after it ordered respondent to answer and after respondent answered ... was an impermissible curing of the respondent's waiver." *Id.* at 930–31 (remanding to the district court for consideration of the merits of the habeas petition).

At least one district court has also held that the state waives the statute of limitations defense by failing to raise it. *United States ex rel. Galvan v. Gilmore,* 997 F.Supp. 1019, 1026 (N.D.Ill.1998) ("since § 2244(d) does not affect this court's subject matter jurisdiction over habeas petitions, the state can waive the § 2244(d) timeliness issue by failing to raise it") (citations omitted). And Judge Silverman of this Circuit noted in a recent dissenting opinion that the state would have waived the statute of limitations defense if it had failed to raise the issue. *Ford v. Hubbard,* 330 F.3d 1086, 1109 (9th Cir.2003) (Silverman, J., dissenting).

These opinions firmly support the conclusion that jurists of reason would find it debatable whether the district court properly dismissed Nardi's petition on statute of limitations grounds.

Second, jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Where the district court denies a petition on procedural grounds, the Court must "simply take a quick look at the face of the complaint to determine whether the petitioner has facially allege[d] the denial of a constitutional right." *Valerio v. Crawford,* 306 F.3d 742, 767 (9th Cir.2002) (en banc) (internal quotations and citations omitted); *see also Petrocelli v. Angelone,* 248 F.3d 877, 885 (9th Cir.2001) ("[a]ccepting petitioner's allegations as true and taking a quick look at the underlying merits, we conclude that ... petitioner has facially alleged the denial of a constitutional right"); *Lambright v. Stewart,* 220 F.3d 1022, 1026 (9th Cir.2000). In the Ninth Circuit, assuming that the district court's procedural ruling was debatable, where the petitioner "has facially alleged the denial of a constitutional right, ... [the Court] will grant a COA." *Lambright,* 220 F.3d at 1026–27.

Nardi alleged several constitutional violations stemming from his conviction and sentencing. The issues raised by Nardi include whether (1) he received multiple punishments for the same offense in violation of the double jeopardy clause of the constitution, (2) he was denied due process and equal protection when the judge barred Nardi's self-defense argument and when the prosecutor effectively diminished the "beyond a reasonable doubt" standard during closing arguments, and (3) he received ineffective assistance of counsel in violation of the Sixth Amendment. Each of these claims facially alleges a violation of Nardi's constitutional rights. Thus,

Nardi has satisfied the substantive component of *Slack*. *See Valerio*, 306 F.3d at 767–68 (holding that claims of ineffective assistance of counsel in violation of Sixth Amendment and withholding of exculpatory evidence in violation of Fourteenth Amendment "facially allege[d] violations of constitutional rights" and "clearly satisfied" *Slack's* substantive component).

In sum, Nardi satisfied the requirements for broadening the COA to include whether the district court erred in dismissing Nardi's petition on statute of limitations grounds after Respondent failed to raise the affirmative defense in its answer.[4] We now turn to that issue.

### III.

■ We review *de novo* a district court's dismissal of a habeas petition on statute of limitations grounds. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). We conclude that the district court erred in dismissing Nardi's petition as untimely because Respondent waived its statute of limitations defense.

### A.

■ There is no dispute that AEDPA's statute of limitations is an affirmative defense. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir.1999). Accordingly, Federal Rules of Civil Procedure 8(c) and 12(b) require that the state raise the statute of limitations in its first responsive pleading to avoid waiving the defense. Fed. R.Civ.P. 8(c) ("In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an . . . affirmative defense"); Fed.R.Civ.P. 12(b) ("Every defense . . . shall be asserted in the responsive pleading," except certain specified defenses (not including limitations defenses) that may be raised by motion).

In *Herbst v. Cook*, we specifically recognized the possibility that the statute of limitations defense in § 2254(d) could be waived, while leaving open the question presented here:

> Nor do we opine as to when or under what circumstances the [statute of limi-

---

4. Two additional considerations support expansion of the COA. First, the waiver issue is a necessary predicate to the issue actually certified for appeal by the district court. We only reach the impediment and tolling issues certified for appeal if the statute of limitations applies; if, as Nardi contends, Respondent waived the statute of limitations, the tolling issues are moot. *Cf. Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir.2002) (stating that court of appeals can consider whether petition was timely filed although COA asks only whether equitable tolling applied because "a determination of timeliness under the provisions of the statute is a necessary predicate to, and encompassed within, the issue of whether equitable tolling should be applied").

Second, Nardi filed his motion for a COA *pro se*. Although he failed to request review of the district court's *sua sponte* invocation of the statute of limitations after Respondent filed its answer, he had previously raised the argument in his brief on tolling and in his objections to the magistrate judge's R & R. Not until Nardi received the benefit of ap-

pointed counsel did he articulate his request for appellate review of the waiver issue. Expanding the COA ensures that Nardi is not prejudiced by his *pro se* status. *See generally Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("*Pro se* habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985)); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988) ("This court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (holding that allegations in *pro se* complaint are held to a less stringent standard than pleadings drafted by lawyers); *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988) (stating that court must liberally construe pleadings submitted by *pro se* plaintiff and "must afford plaintiff the benefit of any doubt").

tations] affirmative defense may be considered waived. The issue of waiver is irrelevant ... where the district court dismissed a petition *sua sponte before the state ever filed a response.*

260 F.3d 1039, 1042 n. 3 (9th Cir.2001) (emphasis added).

In addition, the Sixth Circuit and at least one district court have held that the state waives the statute of limitations by failing to raise the defense in its answer. *See Scott,* 286 F.3d at 930–31; *Galvan,* 997 F.Supp. at 1026. Other courts have likewise concluded that the AEDPA's statute of limitations is subject to waiver. *See Robinson v. Johnson,* 313 F.3d 128, 134–37 (3d Cir.2002) (en banc) (holding that a state can waive AEDPA's statute of limitations "if not pleaded in the answer ... [or] raised at the earliest practicable moment thereafter"); *see also Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir.2000) (holding that the state did not waive the statute of limitations defense—implying that waiver is possible—where the district court dismissed the petition before it was served on the state).

Further, while 28 U.S.C. § 2254(b)(3) provides that the "State shall not be deemed to have waived *the exhaustion requirement* ... unless the State ... expressly waives the requirement," there is no similar provision requiring the *express* waiver of AEDPA's statute of limitations. 28 U.S.C. § 2254(b)(3) (emphasis added); *see also* 28 U.S.C. § 2244(d); *Franklin v. Johnson,* 290 F.3d 1223, 1231 (9th Cir. 2002) (holding that state waived procedural default argument by failing to raise it in response to petition because "28 U.S.C. § 2254(b)(3)'s reference to exhaustion has no bearing on procedural default defenses").

We agree with the Third and Sixth Circuits that the state waives its statute of limitations defense by filing a responsive pleading that fails to affirmatively set forth the defense.

### B.

■ Even if the state waives its statute of limitations defense by failing to plead it, the question arises whether a district court nonetheless may *sua sponte* raise the issue and use it as a ground to dismiss the petition. We have held that, *before the state ever files a response,* a district court "has the authority to exercise its discretion by raising the statute of limitations *sua sponte* when doing so furthers the interests of comity, federalism, and judicial efficiency...." *Herbst,* 260 F.3d at 1042 n. 3 (emphasis added). But, as noted above, we have not yet determined whether a district court may dismiss a petition as untimely despite the state's waiver of the statute of limitations defense. We now conclude that the district court lacks the authority to *sua sponte* dismiss a habeas petition as time-barred after the state files an answer which fails to raise the statute of limitations defense.

The district court's authority to dismiss a habeas petition *sua sponte* based on the statute of limitations stems from Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. But Rule 4 authorizes a summary dismissal *only prior to a responsive pleading by the state:*

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.... Otherwise the judge shall order the respondent to file an answer....

Fed. R. Governing § 2254 Cases 4. Rule 4 does *not* authorize a court to dismiss the petition *sua sponte* after ordering respondent to file an answer.

■ In a well-reasoned opinion applying Rule 4, the Sixth Circuit expressly held that the "district court's *sua sponte* dismissal after it ordered respondent to answer and after respondent answered ... was an impermissible curing of the respondent's waiver." *Scott,* 286 F.3d at 930–31 ("A district court's ability to dismiss a habeas petition *sua sponte* as an initial matter ... does not amount to a power to cure *sua sponte* a party's waiver of an affirmative defense."); *see also Wagner v. Fawcett Publications,* 307 F.2d 409, 412 (7th Cir.1962) (holding that a district court had no right to apply statute of limitations *sua sponte* where defendants had waived that defense). We follow the Sixth Circuit in concluding that a district court cannot *sua sponte* dismiss a habeas petition as untimely after the state fails to raise the statute of limitations as an affirmative defense.

Here, the magistrate judge reviewed Nardi's petition pursuant to Rule 4 and determined that a responsive pleading was required. The court's order specifically instructed Respondent that "[i]f the petition was filed after the expiration of the 1–year period of limitation as defined in 28 U.S.C. § 2244(d), the answer may be limited solely to that issue ...." Respondent did not accept that invitation to limit its brief only to the issue of timeliness. Instead, Respondent conceded the exhaustion of state remedies, addressed the merits of Nardi's claims, and made no mention of the statute of limitations.[5] By failing to raise the statute of limitations issue as required by Federal Rule of Civil Procedure 8(c), Respondent waived the defense.

The district court's subsequent decision denying the petition on grounds of the statute of limitations improperly cured Respondent's waiver.

The district court lacked the authority to revive Respondent's affirmative defense. Therefore, we reverse the district court's judgment and remand for consideration of Nardi's habeas petition on the merits.[6]

REVERSED and REMANDED.

---

**5.** Respondent also declined to file a response to Nardi's submission regarding tolling, even though the court explicitly ordered Respondent to do so. As a result, even after the court raised the timeliness issue, Respondent never asserted or otherwise adopted the defense as its own.

**6.** Because Respondent waived the statute of limitations defense, the impediment and equitable tolling issues are moot. *See Scott,* 286 F.3d at 931; *cf. Jorss,* 311 F.3d at 1193 (noting that court need not reach question of equitable tolling after determining petition was timely filed).