**Carlos Duane HENDON, Petitioner—Appellant,**

v.

**A.A. LAMARQUE, Warden Respondent—Appellee.**

No. 03–16359.

D.C. No. CV–00–00349 PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2004.

Decided Aug. 17, 2004.

Mark D. Eibert, Half Moon Bay, CA, for Petitioner–Appellant.

Christopher William Grove, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, CANBY, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Carlos Duane Hendon appeals the district court's denial of his petition for writ of habeas corpus. The district court granted a Certificate of Appealability on four issues: (1) whether Hendon is entitled to equitable tolling for the entire period from January 14, 1998, to March 19, 1999; (2) whether lockdowns and administrative segregation in prison were the cause of his delay in filing his federal habeas petition; (3) whether the "stop the clock" method of equitable tolling applies to cases brought under 28 U.S.C. § 2254 and the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and (4) whether the state prisons' rules on access to the prison library and personal legal materials violated Hendon's constitutional rights, thereby entitling him to statutory tolling. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo the district court's dismissal of Hendon's habeas petition as time-barred by the AEDPA's statute of limitation. *Nardi v. Stewart*, 354 F.3d 1134, 1140 (9th Cir.2004). We also review the decision to withhold equitable tolling de novo. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir.2002).

■ In the first three issues certified for appeal, the dispositive question is whether Hendon is entitled to the remedy of equitable tolling. We will equitably toll AEDPA's one-year limitation period only when " 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.1997), overruled in part on other grounds by *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc). Hendon

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bears the burden of establishing that equitable tolling is warranted. *See United States v. Marolf,* 173 F.3d 1213, 1218 n. 3 (9th Cir.1999).

We conclude that Hendon has not sustained this burden. Although his time in the California State Prison–Sacramento and in the Salinas Valley State Prison was marked by frequent lockdowns and periods of administrative segregation, Hendon has failed to show that these events made it impossible for him to file on time. We decline to equitably toll AEDPA's one-year limitation period, and his federal habeas petition is thus time-barred.

Hendon also contends that the state prisons' rules on access to the prison library and personal legal materials violated his constitutional rights, thereby entitling him to statutory tolling. *See* 28 U.S.C. § 2244(d)(1)(B). Statutory tolling based on loss of access to legal materials is justified only if Hendon has suffered a due process violation. *See Lott v. Mueller,* 304 F.3d 918, 925 (9th Cir.2002). Because Hendon has not alleged that the law libraries themselves were inadequate, *see Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), we must determine whether he has suffered an actual injury to his access to the courts. *See Vandelft v. Moses,* 31 F.3d 794, 796 (9th Cir.1994); *Lewis v. Casey,* 518 U.S. 343, 362, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

Hendon has failed to establish an actual injury to his ability to access the courts. A prison has a legitimate penological interest in imposing lockdowns when necessary to control inmate violence and in restricting inmates to administrative segregation when they violate prison rules. Prisons also have a legitimate interest in structuring reasonable limitations on a segregated inmate's ability to physically visit the library or retain his personal belongings in his cell. Prison officials are permitted to regulate the time, place, and manner in which library facilities are used so that all inmates can access the law library in a secure and orderly manner. *Lindquist v. Id. State Bd. of Corrs.,* 776 F.2d 851, 858 (9th Cir.1985). Hendon has not shown that the manner in which officials did so here was improper or that it prevented him from filing a timely petition. Because he can establish no constitutional violation, there was no "impediment" to his ability to file his petition that would justify statutory tolling under 28 U.S.C. § 2244(d)(1)(B).

AFFIRMED.