## Mark Curtis ENDSLEY, Petitioner—Appellant,

### v.

## Bernie AISPURO, Warden, Respondent—Appellee.

### No. 04–55103.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Curtis Endsley, Corcoran, CA, pro se.

Jaime L. Fuster, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

California state prisoner Mark Curtis Endsley appeals *pro se* the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

As an initial matter, we note that the district court certified one issue on appeal: whether Endsley's Sixth Amendment right to confrontation was violated by the introduction against him at trial of accomplice Theresa Ward's out-of-court statements. The scope of review in habeas cases under the Antiterrorism and Effective Death Penalty Act is limited to those issues specified in the Certificate of Appealability ("COA"). *Nardi v. Stewart*, 354 F.3d 1134, 1137 (9th Cir.2004). However, we may expand the issues certified for appeal where the petitioner's assertion of a claim makes a "substantial showing of the denial of a constitutional right." *Id.* at 1138. Endsley has not made such a showing. Thus, to the extent that Endsley raises issues that fall outside the scope of the COA, we will not consider them here. *See* 28 U.S.C. § 2253(c); 9th Cir. R. 22–1.

The California Court of Appeal determined on direct appeal that the circumstances surrounding Ward's statements provided the particularized guarantees of trustworthiness necessary to satisfy the Confrontation Clause's "residual trustworthiness test." *See Lilly v. Virginia*, 527 U.S. 116, 138, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). Upon review of the record, we conclude that the California Court of Appeal's resolution of this case was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also United States v. Boone*, 229 F.3d 1231, 1234 (9th Cir.2000) (holding that the admission of a statement against penal interest made by an accomplice to a close friend in a private setting under circumstances suggesting "residual trustworthiness" did not violate the Confrontation Clause). Subsequent to Endsley's conviction becoming final, the Supreme Court held in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that the Sixth Amendment demands nothing less than "unavailability [of the declarant] and a prior opportunity for cross-examination" before testimonial hearsay statements may be admitted against a defendant in a criminal trial. *Id.* at 1374. Even assuming that *Crawford* applies retroactively, it does not affect the outcome here because the statements at issue were not testimonial. *See Leavitt v. Arave*, 383 F.3d 809, 830 n. 22 (9th Cir.2004). Accordingly, the district court properly denied this claim.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.