Juan Manuel VALDEZ, Jr., Petitioner,

v.

Roy A. CASTRO, Warden, Respondent.

No. 04–15198.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 23, 2005.

William M. Robinson, Santa Clara, CA, for Petitioner.

---

Sharon G. Birenbaum, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent.

Before: NOONAN, RYMER, and GOULD, Circuit Judges.

## MEMORANDUM *

Valdez appeals the district court's denial of his petition for a writ of habeas corpus following his conviction, premised on his role as an aider and abettor, for second degree murder, attempted murder, and shooting at an occupied building. We reverse and remand.[1]

The state Court of Appeal should have conducted a harmless error review under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), because the state trial court's error in instructing the jury on voluntary intoxication violated Valdez's constitutional due process rights. Instead, the state Court of Appeal reviewed the error under *People v. Watson*, 46 Cal.2d 818, 299 P.2d 243 (1956), a state law harmless error standard of review applicable to non-constitutional trial error. Valdez argues on appeal that because the state court applied the wrong standard in its harmless error review, the district court erred in applying the objective unreasonableness test of 28 U.S.C. § 2254(d)

to the state court's decision rather than conducting its own harmless error review under *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). We agree.

The district court should have reviewed the constitutional error under *Brecht* to determine whether Valdez suffered prejudice. *See Bains v. Cambra*, 204 F.3d 964, 977 (9th Cir.2000); *cf. Inthavong v. Lamarque*, 420 F.3d 1055, 1059 (9th Cir.2005) (holding that both the *Brecht* and § 2254(d)(1) tests must be satisfied to grant relief when a state court has determined that a constitutional error was harmless). We could conduct our own *Brecht* harmless error review, *see Inthavong*, 420 F.3d at 1059–62; however, we see benefit in having the district court conduct a *Brecht* analysis in the first instance, informed by input from the parties based on the correct standard.

**REVERSED AND REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We note that Valdez's entire argument on appeal is on an uncertified issue and that he failed to comply with the requirements of Ninth Circuit Rule 22–1(e) by designating the issue "uncertified" under a separate heading. However, the state does not object, nor does it

argue waiver on account of Valdez's failure to raise a similar issue in the district court. Given this, and the fact that reasonable jurists would find the briefed issue debatable, *see Nardi v. Stewart*, 354 F.3d 1134, 1138 (9th Cir.2004); *Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1245 (9th Cir.2005), we deem it appropriate to treat the issue as certified, *see Schardt v. Payne*, 414 F.3d 1025, 1032 (9th Cir.2005).