Timothy Thomas WYNGLARZ, Petitioner—Appellant,

v.

Ernest C. ROE, Warden, Respondent— Appellee.

No. 04–56533.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Timothy Thomas Wynglarz, Lancaster, CA, pro se.

Meagan J. Beale, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

## MEMORANDUM **

California state prisoner Timothy Thomas Wynglarz appeals from the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Nardi v. Stewart,* 354 F.3d 1134, 1140 (9th Cir.2004), and we affirm.

■ Wynglarz contends that he is entitled to statutory tolling for the entire time that he was pursuing state post-conviction remedies, including the 27–month interval between the denial of his first state habeas petition by the California Superior Court and the filing of his second state habeas petition. Because his first state habeas petition was denied as untimely filed, Wynglarz is not entitled to statutory tolling for that petition, thus rendering his federal petition untimely. *See Pace v. DiGuglielmo,* —— U.S. ——, ——, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).

■ Wynglarz also contends that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) because inadequate prison law library resources constituted an impediment to the timely filing of his state post-conviction petitions. We reject this contention because Wynglarz has not shown how the alleged deficiencies prevented him from filing his petition in the California Court of Appeal for 27 months.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

See *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003).

Finally, Wynglarz contends that the inadequate resources entitle him to equitable tolling. We construe this as a motion to broaden the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

## AFFIRMED.

## AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.