Clint ESPINOSA, Petitioner—
Appellant,

v.

Craig FARWELL; et al.,
Respondents—
Appellees.

No. 04–17103.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

Clint Espinosa, Lovelock, NV, pro se.

Robert E. Wieland, Esq., AGNV—Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Clint Espinosa appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition challenging his 1998 jury conviction for sexual assault. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Espinosa contends that the district court should have offered him the opportunity to stay his mixed habeas petition so that he could return to state court to exhaust his unexhausted claims. We review for abuse of discretion the district court's decision to grant or deny a "stay and abeyance" of a habeas petition. *See Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 1534–35, 161 L.Ed.2d 440 (2005).

No abuse of discretion occurred here. After determining that Espinosa's habeas petition was mixed, the district court gave him the opportunity to exercise his options under *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and offered Espinosa an administrative closure procedure that was the equivalent of a stay and abeyance. Espinosa rejected that procedure and knowingly and voluntarily elected to abandon the unexhausted claims in order to proceed with the exhausted claims.

AFFIRMED.

Daniel PAYNE, Petitioner–Appellant,

v.

Robert BAYER; et al., Respondents–
Appellees.

No. 04–15728.

United States Court of Appeals,
Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted March 8, 2006.*

Decided March 15, 2006.

Daniel Payne, Rawlins, WY, pro se.

Victor Hugo Schulze, II, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Nevada state prisoner Daniel Payne appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition challenging his 1995 Alford plea conviction for sexual assault on a child under the age of 14. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we dismiss the appeal.

AEDPA limits the scope of review in a habeas case to those issues identified in the certificate of appealability ("COA"). *See Nardi v. Stewart,* 354 F.3d 1134, 1137 (9th Cir.2004). Neither party has addressed the issue specified in this court's COA. Accordingly, Payne has waived the only issue certified for review, and we dismiss his appeal. *See Sophanthavong v. Palmateer,* 378 F.3d 859, 872 (9th Cir. 2004) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").[1]

**DISMISSED.**

**Kenneth B. QUANSAH, Jr., Plaintiff—Appellant,**

v.

**CITIBANK; et al., Defendants— Appellees.**

No. 03–17392.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 15, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The issues Payne raises in his brief are outside the COA, and he has failed to request

that we broaden the COA under the procedures set forth in Ninth Circuit Rule 22–1(e). In any event, we decline to certify those issues because Payne has not made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).