MEMORANDUM **
Oregon State Prisoner Rotish Singh appeals from the district court’s judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Nardi v. Stewart, 354 F.3d 1134, 1140 (9th Cir.2004), and we affirm.
Singh contends that he is entitled to equitable tolling of the statute of limitations because counsel hired to file his state court post-conviction petition did not file it *926 until after the Antiterrorism and Effective Death Penalty Act statute of limitations had run. Singh has not shown that counsel’s actions constituted extraordinary circumstances rather than mere negligence. See Miranda v. Castro, 292 F.3d 1063, 1067-68 (9th Cir.2002); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001). Furthermore, Singh has not shown that he was diligent in pursuing his rights. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.