John JOSEPH, Petitioner—Appellant,

v.

Don TAYLOR, Warden, Respondent—Appellee.

No. 03–55748.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided May 5, 2006.

Frank G. Prantil, Attorney at Law, Sacramento, CA, for Petitioner—Appellant.

Alan D. Tate, Office of the California Attorney General, Los Angeles, CA, for Respondent—Appellee.

Before: REINHARDT and RAWLINSON, Circuit Judges, and FOGEL,* District Judge.

## MEMORANDUM **

1. Neither the failure to define certain terms in a jury instruction nor the failure to give an additional instruction *sua sponte* "so infected the entire trial that the resulting conviction" violated John Joseph's due process rights. *See Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (citations omitted).

2. Joseph's ineffective assistance of counsel claims fail as he has not shown "that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4. After our independent review of the record, we conclude that the state court decision denying Joseph's habeas petition was not "objectively unreasonable." *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir.2005) (citation omitted).

5. To the extent Joseph raises arguments not encompassed within the certificate of appealability (COA), we construe this as a motion to expand the COA and deny the motion because Joseph fails "to make a substantial showing of the denial of a Constitutional right." *Nardi v. Stewart*, 354 F.3d 1134, 1138 (9th Cir.2004) (citation omitted); *see also* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e).

**AFFIRMED.**

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.