**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAO LO,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>A. P. KANE,<br><br>        Respondent - Appellee. | No. 12-17683<br><br>D.C. No. 2:05-cv-01754-MCE-TJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted September 9, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Pao Lo appeals the dismissal of his petition for a writ of habeas corpus. We exercise jurisdiction under 28 U.S.C. § 2253. We vacate the district court's dismissal of Lo's petition and remand with instructions to grant the writ unless the state, within 180 days, affords Lo a new trial.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The state argues that Lo's *Batson* claim is procedurally defaulted because Lo failed to raise it on direct appeal. But because the state failed to raise procedural default in its answer to Lo's habeas petition, that defense is waived. *See Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004).

**2.** We review the last reasoned state-court decision that addresses Lo's *Batson* claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Because Lo did not raise his *Batson* claim on direct review and because the California Superior Court on post-conviction collateral review found that claim procedurally barred, the last reasoned decision here was the state trial court's denial of Lo's *Batson* motion at the empanelment of the jury. Under AEDPA, this Court can grant the writ of habeas corpus if the state trial court's denial of Lo's *Batson* motion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**3.** After the prosecution peremptorily struck three Asian members of the venire, the trial court found a prima facie case of racial discrimination under *Batson*'s first step. The prosecution then offered the following race-neutral reasons for striking venirewoman Egholm:

I could not get her to respond to any of the questions. All I knew about her was that she was from Manteca, assistant manager, her husband worked at the Depot and she has kids. And I never got her to respond to another question, and I did not feel that I knew her enough.

The record flatly contradicts the prosecution's asserted race-neutral reasons; venirewoman Egholm answered every question she was asked. Aside from the introductory questions answered by all prospective jurors, the prosecutor asked Ms. Egholm, and Ms. Egholm answered, six specific questions directed to her regarding witness credibility. "Where the facts in the record are objectively contrary to the prosecutor's statements, serious questions about the legitimacy of a prosecutor's reasons for exercising peremptory challenges are raised." *McClain v. Prunty*, 217 F.3d 1209, 1221 (9th Cir. 2000). *See also Castellanos v. Small*, 2014 WL 4413419 at *8 (9th Cir. 2014) ("[U]nless the totality of other relevant circumstances in this case suggests a contrary conclusion, the prosecutor's factually erroneous reason can be construed as pretextual.").

As to the prosecution's claim that he "did not feel that [he] knew her enough," the prosecutor himself was in the best position to remedy that problem. The prosecutor struck Ms. Egholm at the very beginning of the voir dire proceedings at a point in the jury-selection process when the prosecutor could have continued to ask Ms. Egholm additional questions if he truly believed that he did not know her well enough. "[T]he State's failure to engage in any meaningful voir dire examination on a subject the State alleges it is concerned about is evidence

3

suggesting that the explanation is a sham and a pretext for discrimination." *Miller-El v. Dretke*, 545 U.S. 231, 246 (2005) (quoting *Ex parte Travis*, 776 So. 2d 874, 881 (Ala. 2000)).

We thus conclude that the prosecution's only permissible reasons for striking venirewoman Egholm were factually erroneous. The trial court's denial of Lo's *Batson* motion was thus "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).

**4.** Because Lo prevails on his *Batson* claim, we need not reach his ineffective-assistance-of-counsel claim.

**VACATED and REMANDED.**

The State of California shall bear costs on appeal.