**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS GERALD ERICKSON, | No. 15-35320 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01466-BR |
| v. | |
| RICK COURTNEY, Superintendent at East Oregon Correctional Institution, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 10, 2017
Portland, Oregon

Before: LEAVY and FRIEDLAND, Circuit Judges, and BENITEZ,[**] District
Judge.

Petitioner Thomas Gerald Erickson appeals the district court's judgment

dismissing his petition for writ of habeas corpus. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

U.S.C. §§ 1291 and 2253.  We review de novo.  *Smith v. Ryan*, 823 F.3d 1270, 1278-79 (9th Cir.  2016).  We reverse and remand.

1. Trial court proceedings.  Erickson was charged in 2003 with various sex offenses committed against his daughter.  Evidence at Erickson's jury trial included testimony that the alleged abuse had been reported to an authority at least ten years earlier.  Erickson's trial counsel moved for a judgment of acquittal on statute of limitations grounds.  The trial court denied the motion and Erickson was convicted of first-degree sodomy, first-degree sexual abuse, and attempted first-degree rape.  On direct review, Erickson's appellate counsel did not raise the statute of limitations issue.  The Oregon Court of Appeals affirmed the convictions, and the Oregon Supreme Court denied review.

2. State post-conviction proceedings.  On August 3, 2010, Erickson filed *pro se* a state petition for post-conviction relief, raising several claims of ineffective assistance of his trial counsel (IATC), including a claim that trial counsel failed to argue effectively for acquittal on statute of limitations grounds. Erickson's *pro se* petition did not include supporting documents.  The post-conviction court appointed counsel for Erickson.  On November 4, 2011, Erickson filed a notice with the post-conviction court concerning the attorney's allegedly deficient performance, stating that the attorney failed to work on his case.  The

post-conviction trial court denied Erickson's request for new counsel and admonished the parties to "work together." On January 31, 2011, the appointed counsel filed a notice that Erickson's *pro se* petition, filed without supporting documents, was Erickson's formal post-conviction petition. On February 1, 2011, the state moved for summary judgment on the grounds that Erickson failed to attach any evidence supporting the petition, as required by Or. Rev. Stat. § 138.580.[1] On February 9, 2011, Erickson moved *pro se* to dismiss his appointed counsel for failure to perform. The post-conviction trial court notified Erickson that it would not accept his *pro se* motion because Erickson was represented by counsel. Erickson's appointed counsel filed no response to the motion for summary judgment. On March 9, 2011, the post-conviction trial court granted the state's summary judgment motion and dismissed Erickson's *pro se* petition with prejudice. Erickson appealed *pro se* the summary judgment. A newly-appointed post-conviction appellate counsel filed a brief stating that he found no meritorious issues for appeal. The Oregon Court of Appeals affirmed without opinion. Appellate counsel declined to petition for review in the Oregon Supreme Court.

---

[1] Or. Rev. Stat. § 138.580 provides, in relevant part, "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition."

Erickson petitioned *pro se* for review to the Oregon Supreme Court and his petition for review was denied.

3. <u>Federal habeas proceedings</u>. In 2013, Erickson filed *pro se* a petition for federal habeas relief alleging his IATC claim as well as ineffective assistance of his post-conviction counsel for failure to effectively raise the IATC claim. The district court denied the habeas petition, concluding that Erickson has procedurally defaulted his IATC claim. The district court determined that the post-conviction trial court's dismissal for noncompliance with Or. Rev. Stat. § 138.580 was a decision on the merits.

This court granted a certificate of appealability on the issue whether the district court properly ruled that the IATC claim was procedurally defaulted.

4. <u>Procedural default</u>. Erickson acknowledges that his IATC claim was procedurally defaulted because his post-conviction counsel did not raise the IATC issue in Oregon's appellate courts. He contends that the post-conviction trial court did not make a decision on the merits, and his procedural default is excused under an exception articulated in *Martinez v. Ryan*, 566 U.S. 1 (2012). We agree.

In *Martinez*, the Supreme Court instructed that a procedural default caused by the failure of state post-conviction trial counsel to raise an IATC claim may be excused if the petitioner can demonstrate that (1) appointed counsel in the post-

conviction trial court was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984); and (2) the underlying IATC has some merit. *Martinez*, 566 U.S. at 14. This exception does not apply if a claim was litigated on the merits in the state court. *Detrich v. Ryan*, 740 F.3d 1237, 1246 (9th Cir. 2013) (en banc).

Here, the post-conviction trial court's dismissal for the reason that Erickson failed to attach documents to his petition was not a decision on the merits. *See Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013) (describing a "decision on the merits" as one involving an assessment of "[t]he intrinsic rights and wrongs of a case as determined by matters of substance, in distinction from matters of form.") (internal citations omitted). The post-conviction trial court did not assess the merits because post-conviction trial counsel provided the court with no evidence whatsoever. Moreover, following the state's motion for summary judgment for failure to comply with Or. Rev. Stat. § 138.580, Erickson's counsel failed to respond to the state's summary judgment motion. With no statutorily-required supporting materials, allegedly caused by either the inadequacy or abandonment of appointed counsel, the post-conviction trial court could not make a substantive evaluation of the intrinsic merits of Erickson's claims. *Cf. Ogle v. Nooth*, 330 P.3d 572, 584 (Or. 2015) (holding that Or. Rev. Stat. § 138.580 does not require

15-35320

attachment of evidence that meets some particular standard of reliability, but requires attachment of "some evidence supporting each element of each asserted claim for relief"). In this circumstance, the post-conviction trial court's dismissal of Erickson's petition hinged upon a matter of procedural form rather than substance, as well as alleged inadequacy. *See Johnson*, 133 S. Ct. at 1097 (explaining that when a federal claim is rejected or overlooked in state court due to inadvertence, a prisoner is entitled to make his case before a federal judge).

Erickson contends that his post-conviction trial counsel was ineffective under *Strickland*, and the underlying IATC was substantial. The respondent does not address these contentions in its briefing, thus effectively conceding Erickson's arguments.[2] *Cf. Nardi v. Stewart*, 354 F.3d 1134, 1142 (9th Cir. 2004) (noting that when respondent makes no mention it its brief of certain issues that have been raised, respondent effectively waives the arguments), *overruled on other grounds by Day v. McDonough*, 547 U.S. 198, 209 (2006). Accordingly, Erickson has met

---

[2] Even if the respondent had not waived these issues, Erickson appears to meet the requirements for the *Martinez* exception. His post-trial counsel essentially abandoned him by choosing to rely on an obviously procedurally deficient petition and failing to respond to the motion for summary judgment, which could constitute deficient performance under *Strickland*. And at least one of Erickson's statute-of-limitations-based IATC arguments has some merit. *See Martinez*, 566 U.S. at 14.

the narrow exception in *Martinez*.  We reverse the judgment of the district court and remand for further proceedings.

**REVERSED and REMANDED.**

*Erickson v. Courtney*, 15-35320

BENITEZ, District Judge, dissenting.

Because this is a simple case of an unexhausted meritless habeas claim, I respectfully dissent and would affirm the district court's dismissal.

In the initial post-conviction proceedings, the state court dismissed the petition. The dismissal order was short. It did not say that the dismissal was based solely on procedural grounds. It simply said: "The Court being first fully advised, and finding there is no genuine issue of material fact, and that the defendant is entitled to judgment as a matter of law, Now, THEREFORE, IT IS ORDERED that defendant's Motion for Summary Judgment is granted. IT IS FURTHER ORDERED that petitioner's *pro se* Petition for Post-Conviction Relief is dismissed with prejudice."

In my view, the federal district court correctly decided that the state court decision was a decision on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.") (citation omitted). Since the ineffective assistance of trial counsel claim was not also presented to the state's highest court, it is an unexhausted claim, correctly dismissed on federal habeas review. *See Rose v.*

*Lundy*, 455 U.S. 509, 515 (1982) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.") (citing *Ex parte Royall*, 117 U.S. 241, 251 (1886)); *see also* 28 U.S.C. § 2254(b)(1).

The majority presumes that the state post-conviction court dismissal was not on the merits but instead based upon petitioner's failure to support his habeas claim with documentary evidence as required by Oregon's post-conviction procedures. But that assumes that claim had merit. The federal district court had the state trial transcript at its disposal. Presumably, the state post-conviction court did too. At trial, petitioner's counsel argued the statute of limitations issue and lost. *See* district court docket # 25-3, pp. 162-72. What kind of documentary evidence would a court now expect to support his ineffective assistance of trial counsel claim? An affidavit from another attorney to the effect that trial counsel should have been more persuasive and a more persuasive attorney would have changed the outcome on the legal question? No.

Viewed through the lens of the trial transcript, the state post-conviction dismissal on the merits makes sense. The statute of limitations argument was weak. Trial counsel was not deficient. Appellate counsel was not deficient for not raising the weak claim on direct appeal. Post-conviction counsel was not deficient

2

for not attaching support for a meritless ineffective assistance of trial/appellate counsel claim. The state court looked at the petitioner's new claim of ineffective assistance, judged that it lacked merit, and concluded that this was the reason no supporting evidence was (or ever could) be provided. The federal district court judge, herself a former state trial court and circuit court judge, correctly determined that the state court ruled on the lack of merit. Since the claim is now procedurally defaulted and petitioner can show neither "cause" because post-conviction counsel was not deficient, nor "prejudice" because the original trial counsel was not deficient, the narrow escape hatch of *Martinez v. Ryan* was closed. The federal claim was dismissed as unexhausted. I would affirm.