MEMORANDUM *
Petitioner Thomas Gerald Erickson appeals the district court’s judgment dismissing his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo. Smith v. Ryan, 823 F.3d 1270, 1278-79 (9th Cir. 2016). We reverse and remand.
. 1. Trial court proceedings. Erickson was charged in 2003 with various sex offenses committed against his daughter. Evidence at Erickson’s jury trial included testimony that the alleged abuse had been reported to an authority at least ten years earlier. Erickson’s trial counsel moved for a judgment of acquittal on statute of limitations grounds. The trial court denied the motion and Erickson was convicted of first-degree sodomy, first-degree sexual abuse, and attempted first-degree rape. On direct review, Erickson’s appellate counsel did not raise the statute of limitations issue. The Oregon Court of Appeals affirmed the convictions, and the Oregon Supreme Court denied review.
2. State post-conviction proceedings. On August 3, 2010, Erickson filed pro se a state petition for post-conviction relief, raising several claims of ineffective assistance of his trial counsel (IATC), including a claim that trial counsel failed to argue effectively for acquittal on statute of limitations grounds. Erickson’s pro se petition did not include supporting documents. The post-conviction court appointed counsel for *587 Erickson. On November 4, 2011, Erickson filed a notice with the post-conviction court concerning the attorney’s allegedly deficient performance, stating that the attorney failed to work on his case. The post-conviction trial court denied Erickson’s request for new counsel and admonished the parties to “work together.” On January 31, 2011, the appointed counsel filed a notice that Erickson’s pro se petition, filed without supporting documents, was Erickson’s formal post-conviction petition. On February 1, 2011, the state moved for summary judgment on the grounds that Erickson failed to attach any evidence supporting the petition, as required by Or. Rev. Stat. § 138.580.[1] On February 9, 2011, Erickson moved pro se to dismiss his appointed counsel for failure to perform. The post-conviction trial court notified Erickson that it would not accept his pro se motion because Erickson was represented by counsel. Erickson’s appointed counsel filed no response to the motion for summary judgment. On March 9, 2011, the post-conviction trial court granted the state’s summary judgment motion and dismissed Erickson’s pro se petition with prejudice. Erickson appealed pro se the summary judgment. A newly-appointed post-conviction appellate counsel filed a brief stating that he found no meritorious issues for appeal. The Oregon Court of Appeals affirmed without opinion. Appellate counsel declined to petition for review in the Oregon Supreme Court. Erickson petitioned pro se for review to the Oregon Supreme Court and his petition for review was denied.
3. Federal habeas proceedings. In 2013, Erickson filed pro se a petition for federal habeas relief alleging his IATC claim as well as ineffective assistance of "his post-conviction counsel for failure to effectively raise the IATC claim. The district court denied the habeas petition, concluding that Erickson has procedurally defaulted his IATC claim. The district court determined that the post-conviction trial court’s dismissal for noncompliance with Or, Rev. Stat. § 138.580 was a decision on the merits.
This court granted a certificate of ap-pealability on the issue whether the district court properly ruled that the IATC claim was procedurally defaulted.
4. Procedural default. Erickson acknowledges that his IATC claim was procedurally defaulted because his post-conviction counsel did not raise the IATC issue in Oregon’s appellate courts. He contends that the post-conviction trial court did not make a decision on the merits, and his procedural default is excused under an exception articulated in Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). We agree.
In Martinez, the Supreme Court instructed that a procedural default caused by the failure of state post-conviction trial counsel to raise an IATC claim may be excused if the petitioner can demonstrate that (1) appointed counsel in the post-conviction trial court was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and (2) the underlying IATC has some merit. Martinez, 566 U.S. at 14, 132 S.Ct. 1309. This exception does not apply if a claim was litigated on the merits in the state court. Detrich v. Ryan, 740 F.3d 1237, 1246 (9th Cir. 2013) (en banc).
Here, the post-conviction trial court’s dismissal for the reason that Erickson *588 failed to attach documents to his petition was not a decision on the merits. See Johnson v. Williams, 568 U.S. 289, 133 S.Ct. 1088, 1097, 185 L.Ed.2d 105 (2013) (describing a “decision on the merits” as one involving an assessment of “[t]he intrinsic rights and wrongs of a case as determined by matters of substance, in distinction from matters of form.”) (internal citations omitted), pie post-conviction trial court did not assess the merits because post-conviction trial counsel provided the court with no evidence whatsoever. Moreover, following the state’s motion for summary judgment for failure to comply with Or. Rev. Stat. § 138.580, Erickson’s counsel failed to respond to the state’s summary judgment motion. With no statutorily-required supporting materials, .allegedly caused by either the inadequacy or abandonment of appointed counsel, the post-conviction trial court could not make a substantive evaluation of the intrinsic merits of Erickson’s claims. Cf. Ogle v. Nooth, 355 Or. 570, 330 P.3d 572, 584 (2014) (holding that Or. Rev. Stat. § 138.580 does not require attachment of evidence that meets some particular standard of reliability, but requires attachment of “some evidence supporting each element of each asserted claim for relief’). In this circumstance, the post-conviction trial court’s dismissal of Erickson’s petition hinged upon a matter of procedural form rather than substance, as well as alleged inadequacy. See Johnson, 133 S.Ct. at 1097 (explaining that when a federal claim is rejected or overlooked in state court due to inadvertence, a prisoner is entitled to make his case before a federal judge).
Erickson contends that his post-conviction trial counsel was ineffective under Strickland, and the underlying IATC was substantial. The respondent does not address these contentions in its briefing, thus effectively conceding Erickson’s arguments.[2] Cf. Nardi v. Stewart, 354 F.3d 1134, 1142 (9th Cir. 2004) (noting that when respondent makes no mention it its brief of certain issues that have been raised, respondent effectively waives the arguments), overruled on other grounds by Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). Accordingly, Erickson has met the narrow exception in Martinez. We reverse the judgment of the district court and remand for further proceedings.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Or. Rev. Stat. § 138.580 provides, in relevant part, “[affidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition.”

. Even if the respondent had not waived these issues, Erickson appears to meet the requirements for the Martinez exception. His post-trial counsel essentially abandoned him by choosing to rely on an obviously procedurally deficient petition and failing to respond to the motion for summary judgment, which could constitute deficient performance under Strickland. And at least one of Erickson's statute-of-limitations-based IATC arguments has some merit. See Martinez, 566 U.S. at 14, 132 S.Ct. 1309.