Jamaal ROBINSON, Petitioner—
Appellant,

v.

Jeanne WOODFORD,* Director of the
CDC; R.A. Castro, Warden; Bill
Lockyer, Attorney General, Respon-
dents—Appellees.

No. 02–56891.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 8, 2006.**

Filed March 9, 2006.

---

* Jeanne Woodford is substituted for her prede-
cessor, C.A. Terhune, as Director of the Cali-
fornia Department of Corrections.  Fed.
R.App. P. 43(c)(2).

** This panel unanimously finds this case suit-
able for decision without oral argument.  *See*
Fed. R.App. P. 34(a)(2).

**372**

Jamaal Robinson, Soledad, CA, pro se.

Gerald T. McFadden, Esq., San Diego, CA, for Petitioner–Appellant.

Meagan J. Beale, Esq., Susan E. Miller, Esq., Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

### MEMORANDUM ***

Jamaal Robinson appeals from the district court's order denying his petition for habeas corpus.[1] Robinson's petition alleged constitutional error during and after his trial in California state court for attempted murder and firearms-related offenses. These charges were based on Robinson's alleged role in two gang-related shootings. The first shooting occurred at the Moonlite Market in December 1995, the other at the Skyline Recreation Center in September 1996. We have jurisdiction pursuant to 18 U.S.C. § 1291.[2] The district court certified two issues for appeal: whether the trial court erred by denying Robinson's post-trial request for juror identification information relating to alleged juror misconduct; and, whether the trial court erred by denying Robinson's motion to sever the claims based on the Moonlite Market shooting from the claims relating to the Skyline Recreation Center shooting.

■ We first address Robinson's claim of juror misconduct. The prosecution produced ample evidence that Robinson had been the shooter in both incidents, including several eyewitness identifications. The central issue at trial therefore was whether Robinson fired intending to kill his potential victims, or just to scare them. Stephanie Matthews, a witness to the recreation center shooting, testified that the shooter was holding his gun in the air when he fired, suggesting that the shooter did not intend to kill. Other evidence, including that a bullet struck a bystander, suggested that Robinson aimed to do harm.

The Matthews testimony notwithstanding, the jury concluded that Robinson's actions during both incidents had been "willful, deliberate, and premeditated." After the jury returned its verdict, Robinson's counsel learned that two jurors had informed their colleagues during deliberations that "your arm kicks upward" and

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We review a district court's order denying a petition for habeas corpus de novo. *See Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir.2004). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Robinson must demonstrate: (1) that the state court decision from which he seeks relief was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) that the challenged state court decision was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

2. Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to explain our decision.

"pushes to the left" when a gun is fired.[3] Robinson urges that these statements undermined his defense by providing the jury with an explanation for Matthews's testimony that also permitted the conclusion that Robinson fired his gun intending to kill his targets.

Robinson urges that these statements were extrinsic evidence and that the jury's consideration of them was misconduct that deprived Robinson of his right to be judged solely on the evidence. Robinson further contends that the trial court's denial of his request for juror identification information prevented him from corroborating this claim. Although exposing a jury to facts that were not properly in evidence can be a constitutional injury, *see Lawson v. Borg*, 60 F.3d 608, 612 (9th Cir.1995), jurors are expected to rely on their personal experiences and common sense during deliberations. *See Grotemeyer v. Hickman*, 393 F.3d 871, 881 (9th Cir.2004) ("Varied juror experience is a virtue that assists juries in ascertaining the truth."); *United States v. Navarro–Garcia*, 926 F.2d 818, 821 (9th Cir.1991). Robinson has not shown that the trial court's denial of his motion for juror information is contrary to clearly established federal law as determined by the Supreme Court. We hold that the district court did not err by denying Robinson's petition for habeas relief on this ground.

■ Robinson further contends that the trial court deprived him of due process by denying his motion to sever the claims based on the Moonlite Market shooting from the claims based on the recreation center shooting. Robinson argues that trying the charges relating to both incidents in one trial created a risk that the jury would convict Robinson for the Moonlite Market shooting even though, in Robinson's view, the evidence underlying those charges was weaker than the evidence relating to the recreation center shooting. We disagree. There was strong evidence suggesting Robinson's involvement in both shootings, including eyewitness testimony, forensic evidence, and evidence of contemporaneous hostilities between the street gang to which Robinson belonged and the gang to which his intended victims belonged. Also, the trial court instructed the jury to consider each count separately, which mitigated any prejudice to Robinson. *See Davis*, 384 F.3d at 639. Because Robinson has not shown that his simultaneous trial of the charges relating to both shootings was "fundamentally unfair and hence, violative of due process[,]" the state trial court's denial of his motion for a severance was not contrary to clearly established federal law. *See Sandoval v. Calderon*, 241 F.3d 765, 771–72 (9th Cir. 2001) (quoting *Featherstone v. Estelle*, 948 F.2d 1497, 1503 (9th Cir.1991)). Consequently, we hold that the district court did not err by denying Robinson habeas relief on this ground.

■ Finally, Robinson raises one uncertified issue on appeal: whether sufficient evidence supports his convictions.[4] Construing this as a motion to expand the certificate of appealability, we decline to do so because there has been no substantial showing that Robinson was deprived of a constitutional right in this regard. Given the jury's verdict of conviction, the evi-

---

**3.** The record before the jury did not contain evidence regarding the manner of a firearm's movements when fired.

**4.** AEDPA limits the scope of appellate review in habeas appeals to issues certified in a certificate of appealability (COA). *See Nardi v. Stewart*, 354 F.3d 1134, 1137 (9th Cir.2004).

We construe an uncertified issue raised on appeal as a motion to expand the COA and we will grant such a request where the petitioner makes a substantial showing the he was deprived of a constitutional right. *See id.* at 1139.

dence underlying Robinson's convictions is sufficient if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude beyond a reasonable doubt that Robinson committed each element of the crimes for which he was convicted. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Robinson contends that no rational trier of fact could have found that he acted with an unambiguous intent to kill. We disagree. The evidence showed that Robinson, almost immediately after verbally challenging one of his intended victims, fired towards the doorway of the Moonlite Market, where the intended victim was standing, leaving bullet holes inside the market and in the door. The evidence also showed that Robinson drove to a location where members of a rival gang frequently gathered and began shooting towards a group of men wearing clothing that identified them as members of the rival gang, inadvertently hitting a bystander. In light of these facts and the other evidence before the jury, a rational jury could find that, in both instances, Robinson fired with an unambiguous intent to kill. Poor aim does not conclusively disprove lethal intent. Because Robinson has not made a substantial showing that the evidence underlying his convictions was so lacking that his convictions deprived him of a constitutional right, we decline to broaden the scope of the certificate of appealability to review whether the evidence in the state trial court was sufficient to sustain Robinson's convictions.

**AFFIRMED.**