**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DUNG THE PHAM,
              *Petitioner-Appellant,*

v.

C. A. TERHUNE,
              *Respondent-Appellee.*

No. 03-17214

D.C. No.
CV-02-01348-PJH

OPINION

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted
September 17, 2004—San Francisco, California

Filed March 7, 2005

Before: Robert R. Beezer, William A. Fletcher, and
Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Cliff Gardner, San Francisco, California, for the petitioner-appellant.

Glenn R. Pruden, OFFICE OF THE CALIFORNIA ATTORNEY GENERAL, San Francisco, California, for the respondent-appellee.

---

**OPINION**

PER CURIAM:

Dung The Pham, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. In 1998, a jury convicted Pham and his co-defendant, Son Hoang Nguyen, of first degree murder. Pham was sentenced to a term of 29 years to life.

The State and Pham agree that Tong Nguyen was murdered by two gunmen, and that one of the gunmen was Tien Ha, who remains at large. At trial, Pham presented a defense arguing that another man, Hoang Tuan, was the second shooter. On the basis of a license plate identification, Tuan was arrested on the night of the murder. An eyewitness had also identified Tuan as one of the assailants in a photo lineup. While in police custody, Tuan was subjected to a gunshot residue (GSR) test, which was analyzed by state criminalist Mario Soto. Tuan was later released from custody and was never charged with Nguyen's murder.

At Pham's trial, the defense called Soto as a witness. Soto testified that Tuan's hands contained several particles consistent with, but not unique to, GSR as well as one particle — a mixture of titanium and antimony with a molten appearance — inconsistent with GSR. Stating that he was unable to rule

out environmental sources, Soto testified that the GSR test was inconclusive. Soto further testified that if he had found a molten-looking particle containing barium, lead, and antimony or barium and antimony, he could testify conclusively to the presence of GSR. Prior to trial, Pham's attorney requested in a letter that the state disclose expert reports, statements, and test results, including criminalists' notes. Although the state disclosed Soto's one-page report of conclusions regarding the GSR test, it did not disclose the underlying laboratory notes or raw data before trial, and Pham's trial counsel did not seek a court order mandating disclosure. Since trial, the state has consistently refused Pham's repeated requests for the laboratory notes.

Pham exhausted his claims in state court and filed this amended habeas petition in the district court. The district court denied the petition. Pham appeals, arguing that the district court erred in finding that the government's failure to disclose the underlying notes did not violate *Brady v. Maryland*, 373 U.S. 83 (1963). In his briefing of several uncertified issues, Pham further argues that the district court abused its discretion by declining to order discovery of the notes under Rule 6(a) of the Federal Rules Governing Section 2254 Cases ("Rule 6(a)") and erred in denying his ineffective assistance of counsel claim. He also argues that the trial court's jury instructions violated his rights to due process and trial by jury.

**[1]** This court reviews de novo the district court's decision to deny a 28 U.S.C. § 2254 habeas petition. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). Denial of a discovery request under Rule 6(a) is reviewed for abuse of discretion. *See Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997). Because Pham's habeas petition was filed on March 19, 2002, after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), AEDPA's provisions apply. *See Delgado v. Lewis*, 223 F.3d 976, 979 (9th Cir. 2000). Under AEDPA, the scope of review in a habeas case is limited to those issues

specified in the certificate of appealability (COA). *Nardi v. Stewart*, 354 F.3d 1134, 1137 (9th Cir. 2004). The district court granted a COA only with respect to the *Brady* issue raised in Pham's habeas petition. Although Pham's Rule 6(a) discovery request, like his *Brady* claim, involves the state's suppression of the laboratory notes, it is unclear whether the Rule 6(a) argument falls within the scope of the COA granted on the *Brady* issue.

However, under Ninth Circuit Rule 22-1(e), a habeas petitioner may move to expand the COA by presenting uncertified issues, under a separate heading, in his opening brief. "Uncertified issues raised and designated in this manner will be construed as a motion to expand the COA and will be addressed by the merits panel to such extent as it deems appropriate." Ninth Circuit Rule 22-1(e). In evaluating a request to broaden a COA, this court must determine whether the petitioner has made a "substantial showing of the denial of a constitutional right." *Nardi*, 354 F.3d at 1138 (quoting *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999)).

**[2]** It is possible to construe the COA that has been granted on the *Brady* issue to include the Rule 6(a) discovery issue, because the notes sought are directly relevant to the *Brady* issue. The state has briefed the discovery issue and stated at oral argument that it does not need to brief it further. Although we are not certain that we need to do so, out of abundance of caution we grant Pham's motion to expand the COA to encompass his Rule 6(a) claim.

Under AEDPA, this court must "defer to the state court's determination of the federal issues unless that determination is 'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Himes v. Thompson*, 336 F.3d 848, 852 (9th Cir. 2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)); *see also* 28 U.S.C. § 2254(d)(1). In reviewing a state court's summary denial of a habeas petition, this court must "look through" the summary disposition to the

last reasoned decision. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)). However, when no reasoned state court decision denying a habeas petition exists, the federal court should "perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." *Himes*, 336 F.3d at 853 (quoting *Delgado*, 223 F.3d at 982).

[3] In evaluating Pham's Rule 6(a) request for discovery of the laboratory notes, the district court stated that "[w]ere this not a petition for writ of habeas corpus, the court would be inclined to grant Pham's request for discovery." Under the misapprehension that the state court had refused to issue an order requiring disclosure of the notes, the district court concluded that it was required "to afford more stringent deference to the state appellate court, which upheld suppression of the lab notes, than that of an appellate court reviewing the decision of a trial court on direct appeal." The district court erred in applying this "stringent deference" to Pham's Rule 6(a) claim because there was no state court decision refusing to order production of the notes. Pham's trial counsel informally requested the notes from the state both before and after trial but never sought a court order to obtain them.

[4] The district court thus erred in using the highly deferential AEDPA standard in denying Pham's Rule 6(a) discovery request. Rule 6(a) provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a). The Supreme Court has stated that Rule 6(a) "is meant to be 'consistent' " with its holding in *Harris v. Nelson*, 394 U.S. 286 (1969), in which the Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."

*Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris*, 394 U.S. at 300) (alteration in original). Likewise, we have held that a district court abused its discretion in not ordering Rule 6(a) discovery when discovery was "essential" for the habeas petitioner to "develop fully" his underlying claim. *Jones*, 114 F.3d at 1009.

[5] The laboratory notes are "essential" to the full development of Pham's *Brady* claim within the meaning of *Jones* because they may well contain favorable, material information that would tend to exculpate Pham by inculpating Hoang. Specifically, Pham contends that titanium and barium are particularly difficult to distinguish, and that Soto may have mistaken barium for titanium when conducting his analysis. This potential error, if caught, would result in a conclusive finding of GSR. While a conclusive finding of GSR does not prove that Hoang actually fired a gun, such forensic evidence would significantly bolster the defense theory of the case. In light of the significant amount of other evidence tending to inculpate Hoang, we cannot say that an increased probability of Hoang's having fired a gun would be immaterial under *Brady*.

[6] We do not reach the merits of Pham's *Brady* claim. To obtain Rule 6(a) discovery of the laboratory notes, Pham need not demonstrate that he will ultimately prevail on his underlying *Brady* claim. *See Bracy*, 520 U.S. at 909 ("It may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support a finding of actual judicial bias in the trial of his case, but we hold that he has made a sufficient showing . . . to establish 'good cause' for discovery."). Once Soto's notes have been disclosed, the *Brady* issue is for the district court to decide in the first instance. Nor do we reach Pham's motions to broaden the COA to include his claims for ineffective assistance of counsel and violation of his rights to due process and jury trial. However, our failure to reach these motions at this time is without prejudice to their being made at a later time.

Appellant's motion to expand the COA to include the Rule 6(a) issue should be granted. We therefore set aside the denial of the petition for the writ of habeas corpus and remand to the district court for further proceedings consistent with this opinion.

The district court's order is VACATED, and the case is REMANDED to the district court.