Steven Anthony MARTIN, Petitioner—Appellant,

v.

Cheryl K. PLILER, Warden, Respondent—Appellee.

No. 04–16085.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted April 11, 2005.

Decided May 2, 2005.

Quin Denvir, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Thomas Y. Shigemoto, AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Steven Martin, a state prisoner, appeals the district court's denial of Martin's 28 U.S.C. § 2254 habeas corpus petition. Martin asserts that he received ineffective assistance of counsel because his trial counsel allegedly coerced him into testifying and his appellate counsel failed to raise this issue on appeal.[1] Because the denial

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to expand the scope of Martin's

of Martin's federal constitutional claims by the California state courts was not "objectively unreasonable," *see Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir.2003), we affirm the judgment of the district court.

## I

We do not address whether the performance of Martin's trial counsel was constitutionally deficient because Martin suffered no prejudice. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The prosecution's case against Martin was strong, *cf. Johnson v. Baldwin*, 114 F.3d 835, 838 (9th Cir.1997) (stating that "[t]he potential prejudicial effect of counsel's deficient performance must be evaluated in light of" the strength of the prosecution's case), and Martin had little basis, absent his own testimony, for arguing lack of intent. The mixed findings of Martin's experts do not create a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

## II

Because Martin cannot demonstrate that he was prejudiced by his trial counsel's allegedly coercive performance, appellate counsel's failure to raise this issue on direct appeal did not constitute ineffective assistance of counsel. *See Hayes v. Woodford*, 301 F.3d 1054, 1086 n. 37 (9th Cir. 2002) ("[W]hether appellate counsel acted unreasonably in failing to raise a particular issue is often intertwined with the merits of the issue and whether the defendant would have prevailed.").

certificate of appealability to include Martin's claim of a failure to investigate and present evidence of a mental status defense. *See* Circuit Rule 22–1(e); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir.2005) (per curiam) (explain-

## III

The district court's denial of Martin's petition for habeas corpus is AFFIRMED.

ing that a petitioner requesting an expansion of a COA must make "a substantial showing of the denial of a constitutional right" (internal citation and quotation marks omitted)).