**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Avrom Sander FINKEL, Defendant— Appellant.**

No. 04–15706.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2006.*

Decided Jan. 27, 2006.

---

* The panel unanimously finds this case suitable for disposition without oral argument. See Fed. R.App. P. 34(a)(2)(C).

Robert A. Bork, Esq., USLV-Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Glynn Burroughs Cartledge, Esq., Law Offices of Glynn Burroughs Cartledge, Reno, NV, Avrom Sander Finkel, Winston, OR, for Defendant–Appellant.

Before: TASHIMA and W. FLETCHER, Circuit Judges, and SHEA,** District Judge.

## MEMORANDUM ***

Avrom Finkel appeals the district court's denial of 28 U.S.C. § 2255 habeas relief, refusal to permit discovery during his habeas proceedings, and failure to reappoint habeas counsel after previously appointed counsel was permitted to withdraw.

Mr. Finkel first contends he is entitled to habeas relief under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny, based on the Government's alleged failure to disclose evidence that Jeanne McAllister and Ashley Collins had been hypnotized on several occasions prior to testifying against Mr. Finkel at his underlying trial. "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or advertently; and prejudice must have ensued." *Strickler v. Greene,* 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Allegations of *Brady* violations are reviewed *de novo. United States v. Ciccone,* 219 F.3d 1078, 1085 (9th Cir.2000).

■ Because Mr. Finkel has presented no evidence that Miss Collins has ever been hypnotized or that Ms. McAllister's hypnotherapy was related to the testimony she provided during his trial, Mr. Finkel fails to establish the first component of the *Strickler* test. Accordingly, Mr. Finkel has not demonstrated the existence of a *Brady* violation and habeas relief on these claims was correctly denied.

Mr. Finkel then contends the district court erred by not permitting him to conduct discovery with regard to his *Brady* claim prior to issuing its ruling. District courts, for good cause, may authorize parties to a § 2255 habeas proceeding to conduct discovery. RULE 6(A) OF THE RULES

** The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

GOVERNING SECTION 2255 PROCEEDINGS FOR THE U.S. DIST. CTS. Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if facts are fully developed, be able to demonstrate that he is ... entitled to relief...." *Bracy v. Gramley,* 520 U.S. 899, 908–09, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (quoting *Harris v. Nelson,* 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)). However, habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court,* 98 F.3d 1102, 1106 (9th Cir.1996) (citation omitted). Rule 6(a) decisions are reviewed for abuse of discretion. *Pham v. Terhune,* 400 F.3d 740, 741 (9th Cir.2005).

 Because Mr. Finkel presented no evidence that Miss Collins had been hypnotized prior to testifying against him, this portion of his *Brady* claim was based entirely on speculation. The district court did not abuse its discretion by refusing to permit discovery with regard to Miss Collins. Similarly, because all material testimony provided by Ms. McAllister was duplicated by testimony given by Miss Collins and by recorded investigative interviews of Mr. Finkel that were played to the jury at his trial, Mr. Finkel is unable demonstrate he was prejudiced by the alleged suppression of hypnotherapy-related evidence. Consequently, Mr. Finkel has failed to establish he would be entitled to *Brady* relief even if Ms. McAllister's hypnotherapy had related to the testimony she provided against Mr. Finkel. Thus, the district court did not abuse its discretion by refusing discovery on the portion of Mr. Finkel's *Brady* claim relating to Ms. McAllister.

Because the district court's *Brady* and discovery decisions are affirmed, the Court denies as moot Mr. Finkel's request for a certificate of appealability on his appointment of counsel claim. The orders of the district court are **AFFIRMED** in all respects.