**Marcos Chala PEREIDA, Petitioner— Appellant,**

v.

**Frankie Sue DEL PAPA and E.K. McDaniel, Respondents— Appellees.**

No. 05–16089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided May 3, 2006.

circumstances even in the absence of knowledge of the money.

John C. Lambrose, Esq., Las Vegas, NV, for Petitioner-Appellant.

.John M. Warwick, Esq., Carson City, NV, for Respondents-Appellees.

Before: NOONAN, SILER,* and BYBEE, Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

## MEMORANDUM **

Marcos Pereida petitions for habeas corpus relief from his Nevada state court convictions for conspiracy to commit robbery, attempted robbery with the use of a deadly weapon, and attempted murder with a deadly weapon. He argues that his counsel was ineffective because he did not investigate witnesses or hire an investigator. Because the Nevada Supreme Court's decision that there was no prejudice was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we will affirm.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), provides for habeas corpus relief upon a showing that the Nevada Supreme Court's order of affirmance:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

AEDPA mandates a highly deferential standard for reviewing the last reasoned state court determination. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803–04, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); *Avila v. Galaza,* 297 F.3d 911, 918 (9th Cir.2002). To prove ineffective assistance of counsel, Pereida must show a deficiency of performance by counsel and show that the deficiency led to errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

Before trial, defense counsel went to the Bird of Paradise Tavern where the shooting occurred but "purposefully" did not interview any of its patrons. Pereida argues that because his counsel did not speak to the patrons at the bar, he was not prepared and was unaware of the facts and inconsistences in certain witnesses' version of events.

Even assuming that Pereida's counsel was deficient for not interviewing bar patrons, or hiring an investigator, Pereida does not demonstrate prejudice. The Nevada Supreme Court clearly held that Pereida failed to show prejudice or that the results of his trial would have been different in light of the overwhelming evidence of guilt. Given the overwhelming nature of the testimony of the victim, eyewitnesses placing Pereida inside and outside the bar, and police testimony, there is not a reasonable probability sufficient to undermine confidence in Pereida's state conviction. *Id.*

Pereida also presents three uncertified issues asserting in each a violation of the Confrontation Clause. Although Pereida argues to the contrary, the three issues are not susceptible to debate by jurists of reason and therefore his claim is meritless. *Pham v. Terhune,* 400 F.3d 740, 742 (9th Cir.2005).

We DENY the motion for a certificate of appealability and AFFIRM the denial of the writ of habeas corpus.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.