## Alfonso RAMIREZ, Petitioner–Appellant,

v.

## Anthony A. LAMARQUE, Warden SVSP, Respondent–Appellee.

### No. 04–56128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Oct. 6, 2006.

Alfonso Ramirez, Blythe, CA, pro se.

Erika Denice Jackson, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM *

California state prisoner Alfonso Ramirez appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for grand theft and carjacking. We affirm.[1]

### I.

That there exists a timeliness element of a *Faretta* request for self-representation is clearly established federal law for purposes of habeas review. *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir.2005). Because the Supreme Court has not established exactly what makes a *Faretta* request timely, beyond the holding in *Faretta* itself that "weeks before trial" is sufficient, other courts are free to determine standards of their own. *See Faretta v. California*, 422 U.S. 806, 835–36, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We have previously upheld the California standard that a Faretta motion to represent oneself

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. While Ramirez's opening brief could have been more precise, we believe he did adequately raise the certified issues there. He identified each of the certified issues as section headings and explicitly referenced precedents regarding the right to counsel at a preliminary hearing, as well as the district court's ruling below noting that a denial of *Faretta* rights is subject to harmless error analysis. *Appellant's Opening Brief* at 37–38. Therefore, it is appropriate to reach the merits of the certified issues.

at trial, made the day of trial, is untimely. *Id.* at 1061–62.

Ramirez's request for self-representation at his preliminary hearing was made on the same day as the preliminary hearing itself. The right to self-representation is certainly no more important at the preliminary hearing than at trial. *See Powell v. Alabama,* 287 U.S. 45, 57, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Coleman v. Alabama,* 399 U.S. 1, 10–11, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). Accordingly, because the lower court's finding of untimeliness was based on the same California standard that we have upheld in the trial context, the California Supreme Court's decision to affirm here was not contrary to clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts. *Marshall,* 395 F.3d at 1061–62.

## II.

Because it was not error for the California Supreme Court to affirm the denial of Ramirez's *Faretta* motion as untimely, the question of whether harmless error applies to *Faretta* violations occurring at the pretrial stage is moot.

## III.

Under Circuit Rule 22–1(e), we construe Ramirez's briefing on the uncertified issue of ineffective assistance of appellate counsel as a motion to expand the certificate of appealability. We deny the motion. Ramirez cannot make a substantial showing of the denial of a constitutional right. *Pham v. Terhune,* 400 F.3d 740, 742 (9th Cir.2005) (quoting *Nardi v. Stewart,* 354 F.3d 1134, 1138 (9th Cir.2004)).

**AFFIRMED.**

HALL, Senior Circuit Judge, concurring in part and dissenting in part:

I believe that Ramirez waived the issues certified for appeal, and so I dissent. A habeas petitioner who fails to address the issues certified for appeal waives those issues. *Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003) (holding that "in general, we will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (citations and quotation marks omitted). In this case, Ramirez failed to specifically and distinctly argue the issues certified for appeal. Instead, he presented topic headings properly enumerating the certified issues, and then used facts that might have supported argument on the certified issues to argue something completely different.

The predominant issue that was certified for appeal is whether Ramirez was prejudiced when, at the preliminary hearing stage, the state court denied his motion for self-representation pursuant to *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Instead of arguing this issue, Ramirez claims that his *Faretta* motion, which was eventually granted at the trial stage, was involuntary, and that he should have received substitute counsel rather than being allowed to represent himself. It is apparent from the record, and Ramirez makes plain in his brief, that there was conflict between Ramirez and his counsel, that the state court found that no substitute counsel was required, and that subsequently Ramirez moved to represent himself. However, Ramirez goes on to argue only that was prejudiced by his *self-representation at trial.* That is not the question certified for appeal, which is whether he was prejudiced by his *lack* of self-representation at the *preliminary hearing.* Thus, Ramirez fails to address

the issue certified for appeal, and it is waived.

There are three exceptions to the rule that issues not argued in an opening brief are waived:

First, we will review an issue not present in an opening brief for "good cause shown", Fed. R.App. P. 2, or "if a failure to do so would result in manifest injustice." *United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir.1987). Second, "[w]e have discretion to review an issue not raised by appellant … when it is raised in the appellee's brief." *In re Riverside–Linden Investment Co.*, 945 F.2d 320, 324 (9th Cir.1991). Third, we may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party.

*United States v. Ullah*, 976 F.2d 509, 514 (9th Cir.1992). None of these exceptions apply here. First, no good cause has been shown. Unlike in Koerner, which found good cause in the "narrow circumstances … where the petitioner has terminated his appointed counsel and subsequently made additional arguments himself," 328 F.3d at 1049, Ramirez was represented by counsel, and that counsel had six extensions of time to file briefs before us. Second, the government was careful not to raise the issues certified for appeal in its answering brief, and only argued waiver. Third, the question of whether the government was prejudiced is inapplicable, because unlike the facts in *Ullah*, where the government argued the issue in its answering brief and the appellant argued it fully in his reply, here *no* party has argued the issue in any brief. Even alerted to his waiver by the government's answering brief, Ramirez failed to address the certified issues in his reply brief. Thus, none of the exceptions apply.

Given the ultimate disposition of this case, the question of waiver may seem somewhat academic, but it is not. By treating waived issues as raised, we create problematic incentives. The government in this case assiduously avoided briefing or arguing the merits of the case, and almost certainly did so because of this court's statement that "we have discretion to review an issue not raised by appellant, however, *when it is raised in the appellee's brief.*" *In re Riverside–Linden Investment Co.*, 945 F.2d 320, 324 (9th Cir.1991) (citations and internal quotation marks removed) (emphasis added). Thus, our message to appellees is: if an issue has almost certainly been waived, we will hold it against you if you raise the issue in your answering brief, but we may very well also hold it against you by ruling on the merits anyway.

In the habeas context, where argument is limited to only those issues in the certificate of appealability, the situation is even more dire, because if the petitioner waives his certified issues, the government is left with essentially nothing to talk about. Where the petitioner only superficially raises his certified issues, the government may be inclined to argue nothing but waiver, rather than open itself up to arguments that are quite probably waived. Such a scenario appears to be precisely what happened in this case.

This result is bad for the parties, and bad for the court, as it deprives the adversarial proceeding of full and reasoned argument by both sides. Because the adversarial process so crucially "helps us get at the truth," *United States v. Thompson*, 827 F.2d 1254, 1259 (9th Cir.1987), I would hope that if the majority had held for petitioner in this case it would have first allowed for supplemental briefing by the government. If we are to be at all serious about the habeas process, carefully certifying only very specific issues for appeal, then in my opinion it is improper to read

only superficially-raised arguments as anything but waived—especially if we go on to hamstring the government for dutifully heeding our case law. In this case, there was no harm done, but my concerns remain.

I agree with the majority's decision not to expand the certificate of appealability. Otherwise, I must respectfully dissent.