**Charles C. JAMES, Petitioner–Appellant,**

v.

**Michael YARBROUGH, Respondent–Appellee.**

No. 05–16769.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed May 21, 2007.

Charles C. James, Coalinga, CA, pro se.

Mary E. Pougiales, Esq., Novato, CA, for Petitioner–Appellant.

Ronald S. Matthias, DAG, Peggy S. Ruffra, Esq., AGCA–Office of the California Attorney General, Oakland, CA, Michele J. Swanson, Esq., AGCA–Office of the Cali-

---

1. *Fiallo v. Bell*, 430 U.S. 787, 794, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977).

2. *Ram v. INS*, 243 F.3d 510, 517 (9th Cir. 2001).

fornia Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: CANBY, COX *, and PAEZ, Circuit Judges.

### MEMORANDUM **

Charles C. James ("James") appeals the denial of his petition for habeas corpus under 28 U.S.C. § 2254. He argues that the California trial court violated his Sixth Amendment right to confrontation by allowing the transcript of the preliminary hearing testimony of a key witness—Yolanda Smith—to be read into the record because she was "unavailable" for live questioning. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we affirm.

As this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant relief only if

> the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.

28 U.S.C. § 2254(d). From our review of the California Court of Appeal's opinion, the last reasoned decision of the state courts in this case, *see Pham v. Terhune,* 400 F.3d 740, 742 (9th Cir.2005), we conclude that neither of AEDPA's criteria have been met.

Under *Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), "a witness is not 'unavailable' . . . unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *See Ohio v. Roberts,* 448 U.S. 56, 74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), *overruled on other grounds by Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ("The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness."). In finding that the prosecution's efforts in James's case were reasonable, the California Court of Appeal did not apply a rule contrary to or unreasonably apply that Supreme Court law. Prosecution agents visited Smith's last known addresses in two cities, interviewed her grandmother in Berkeley, and distributed a bulletin among the Oakland police. They also set up several meetings with the witness, Yolanda Smith, all of which she failed to honor.

The Court of Appeal found that Smith was not a critical witness and that beginning the search earlier would have been unavailing because Smith was evading a warrant. These were not unreasonable determinations of the facts. *See* 28 U.S.C. § 2254(d)(2). We agree with the California Court of Appeal that Smith was not critical because four eyewitnesses established James's guilt even without her testimony. Further, the court based its determination of reasonable prosecutorial efforts to locate Smith on more than just the warrant. Therefore, its conclusion

---

\* The Honorable Emmett Ripley Cox, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

\** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

**716**

was not, on the whole, based on an unreasonable determination of the facts.

**AFFIRMED.**

---

* The Honorable Timothy M. Burgess, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.