Anthony BAILEY, Petitioner–
Appellant,

v.

Frankie Sue DEL PAPA; et al.,
Respondents–Appellees.

No. 06–16348.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2007.

Filed June 22, 2007.

John C. Lambrose, Esq., Federal Public
Defender's Office, Las Vegas, NV, for Pe-
titioner–Appellant.

Robert E. Wieland, Esq., Office of the
Nevada Attorney General, Reno, NV, for
Respondents–Appellees.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM *

Anthony Bailey appeals, following a remand from this court, the district court's denial of his federal habeas petition and motion for reconsideration of the denial of his motion for a stay. Because the parties are aware of the complicated factual and procedural history of this case, we do not recount it here. We affirm in part and dismiss in part.

■ We find that the certified issue on appeal is properly before us. The question of whether the district court violated *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), or *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), when it declined to issue a stay and abeyance so that Bailey could exhaust claim three of his federal habeas petition is now moot. As Bailey concedes, it is now unnecessary to permit him to present claim three in federal court because the state court has already granted him the relief sought in that claim.

■ We will not address the district court's denial of Bailey's motion on remand for reconsideration of the denial of his motion for a stay because, in so far as this issue is raised in Bailey's opening brief, it constitutes an uncertified interlocutory appeal and Bailey has not made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c);

*Hiivala v. Wood*, 195 F.3d 1098, 1103–05 (9th Cir.1999) (per curiam).

■ Bailey has also failed to make "a substantial showing of the denial of a constitutional right" with respect to the two uncertified issues specifically presented in his opening brief on appeal, and thus we decline to address those issues. 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir.2005) (per curiam). First, Bailey does not have a constitutional right to counsel during federal habeas proceedings. *See, e.g., Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir.1993) (Order) ("Clearly, there is no constitutional right to counsel on [federal] habeas."). Second, in his opposition to the state's motion to dismiss in December 2002, Bailey had an opportunity to respond to the state's argument that his claims were either unexhausted or defaulted, and thus he was not denied due process.

■ We also will not consider the merits of Bailey's federal habeas claims relating to his conviction because, although those claims are not moot, they are uncertified on appeal and Bailey has failed to make "a substantial showing of the denial of a constitutional right" with respect to them. 28 U.S.C. § 2253(c)(2); *Pham*, 400 F.3d at 742. Each party shall bear its own costs on appeal.

**AFFIRMED in part; DISMISSED in part.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.