Calvin LEWIS, Petitioner–Appellant,

v.

Gail LEWIS, Respondent–Appellee.

No. 06–55611.

United States Court of Appeals,
Ninth Circuit.

Submitted: May 7, 2009.*

Filed: June 3, 2009.

Sean Kevin Kennedy, Federal Public Defender, Elizabeth Newman, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Calvin Lewis, Coalinga, CA, pro se.

David A. Voet, Deputy Attorney General, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

MEMORANDUM **

Calvin Lewis, a California state prisoner, appeals the order of the district court denying his motion to vacate the dismissal of his habeas petition as untimely. We have jurisdiction, 28 U.S.C. § 2253, and we affirm.

I

The district court did not abuse its discretion in denying Lewis's motion to vacate under Federal Rule of Civil Procedure 60(b)(6). We assume, for the purposes of this decision, that Lewis's attorney was grossly negligent. Even with that assumption, Lewis failed to file his Rule 60(b)(6) motion "within a reasonable time." Fed.R.Civ.P. 60(c)(1). The magistrate found that "[t]he record belies the contention that Petitioner was unaware of [the arguments his attorney made] prior to October 2004." This finding is not clearly erroneous. Even taking the facts in the light most favorable to Lewis, the latest Lewis could have become aware of his attorney's conduct was in October 2004, when the Supreme Court denied his petition for certiorari. Yet, he did not file his Motion to Vacate until April 28, 2005, approximately six months later, and has offered no explanation for that delay, thus failing to meet his burden under Rule 60.

II

We decline to expand the Certificate of Appealability to include Lewis's equitable tolling claim and his argument that the district court should have appointed him counsel to develop the record for an evidentiary hearing. Lewis failed to comply with Ninth Circuit Rule 22–1(e) in presenting the uncertified issues, 9th Cir. R. 22–1 advisory committee's note ("The court may decline to address uncertified issues if they are not raised and designated as required by this Rule."), and has not made a " 'substantial showing of the denial of a constitutional right,' " *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 2253(c)(2)); *see also Pham v. Terhune,* 400 F.3d 740, 742 (9th Cir.2005) (per curiam) (reciting same standard).

**AFFIRMED.**