**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE ALMOND DENNISON, | No. 08-15358 |
| Petitioner - Appellant, | D.C. No. CV-04-01330-SRB |
| v. | |
| CHARLES L. RYAN; STATE OF ARIZONA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted September 10, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

Petitioner-Appellant Andre Almond Dennison appeals the denial of his

petition for a writ of habeas corpus alleging ineffective assistance of trial counsel

in a state court proceeding in which he was convicted of two counts of sexual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conduct with a minor and one count of attempted sexual conduct with a minor.[1]

We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The parties are familiar with the facts of the case, so we do not repeat them here. Dennison has failed to demonstrate that the state court's determination that his trial counsel's performance was not deficient and did not prejudice the outcome of the trial is unreasonable under the "doubly deferential" review provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), and *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009).

We reject each of the four bases urged as ineffective. First, Dennison's attorney had valid tactical reasons for failing to oppose the admission of the victim's police interview. *See Strickland*, 466 U.S. at 690 (stating that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Second, Dennison has not established that counsel's failure to call an expert on the suggestibility of child witnesses prejudiced the outcome of the trial, because the finder of fact explicitly recognized the suggestiveness of the interview but nevertheless found Dennison guilty beyond

---

[1]    Respondent-Appellee Charles L. Ryan, Director of the Arizona Department of Corrections, has been substituted for his predecessor, Dora B. Schriro, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

a reasonable doubt.  *See id.* at 695 (Prejudice exists when there is a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.").  Third, Dennison's medical expert's report is consistent with the medical testimony presented at trial.  Fourth, Dennison's time cards had no probative value.

The district court did not abuse its discretion when it denied Dennison's request for an evidentiary hearing on the above issues because Dennison failed to allege facts that, if true, would entitle him to habeas relief.  *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010).

We deny Dennison's motion to expand the certificate of appealability because he has not "made a substantial showing of the denial of a constitutional right."  *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam) (internal quotation marks and citation omitted).

**AFFIRMED.**