**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSHUA DARNELL MASON,

Petitioner - Appellant,

v.

PATRICK GLEBE,

Respondent - Appellee.

No. 14-35736

D.C. No. 2:13-cv-01868-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, Senior District Judge, Presiding

Argued and Submitted April 8, 2016
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Petitioner-Appellant Joshua Mason (Mason) was convicted of two counts of

first-degree rape and one count of second-degree assault, with a deadly weapon,

and one count of witness tampering. He appeals the district court's denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

habeas petition, arguing that he was deprived of his Sixth Amendment right to counsel.

As a preliminary matter, we conclude that Mason's appeal was timely. The record supports Mason's contention that "for all practical purposes he was acting pro se." *Vaughn v. Ricketts*, 950 F.2d 1464, 1467 (9th Cit. 1991). Thus, he was entitled to the benefit of the prison mailbox rule, and his notice of appeal was timely because he delivered the notice of appeal "to prison authorities for mailing to the court within the limitations period." *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (citation omitted).

Nonetheless, Mason failed to show that the "state decision resulted from an unreasonable application of clearly established federal law." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (internal quotation marks omitted). Mason's assertion that he was deprived of his right to conflict-free counsel because a relative paid his attorney and controlled the litigation is unavailing. There is no clearly established Supreme Court authority holding that a third-party fee arrangement results in a *per se* conflict of interest that "affected counsel's performance—as opposed to a mere theoretical division of loyalties. . . ." *Mickens v.Taylor*, 535 U.S. 162, 171 (2002) (emphasis omitted).

Mason also briefed the uncertified issue of whether the trial court violated his right to be present at a critical stage of the proceedings, which we construe as a motion to broaden the certificate of appealability. *See Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). We deny the motion because Mason has not "made a substantial showing of the denial of a constitutional right." *Id.* (citation and internal quotation marks omitted).

**AFFIRMED**.